UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA MOORE, o/bo/ J.L.A,

    Plaintiff,

v.                                  CASE NO.: 8:07-CV-2073-EAJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

Before the court are Plaintiff's **Motion for Attorneys' Fees** (Dkt. 20) and Defendant's **Opposition to Plaintiff's Motion for Attorneys' Fees** (Dkt. 23).

Plaintiff requests an award of attorneys' fees in the amount of $1,895.06 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1998) (Dkt. 20 at 5). Specifically, Plaintiff seeks fees for 1.5 hours of work in 2007 at a rate of $168.62 per hour, 8 hours of work in 2008 at a rate of $168.77, and 1.75 hours of work in 2009 at a rate of $166.93 for a total of $1,895.22.[1]

Defendant challenges the reasonableness of the hourly rates for work performed by Plaintiff's counsel in 2007 and 2008 (Dkt. 23 at 2).[2] Defendant argues that the hourly rate in Social

---

[1] Plaintiff's request for fees totals $1,895.22.

[2] Although Defendant opposes Plaintiff's request for fees, Defendant argues that Plaintiff should be compensated for fees totaling $1,895.00, the same amount of fees that Plaintiff is seeking (Dkt. 23 at 3). Using Defendant's proposed capped hourly rates and the number of hours expended from 2007 to 2009, the fees total $1,864.14.

Security cases should be capped at $165.00 an hour for work performed in 2007 and 2008 (Id.).[3]

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 18) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 & n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorneys' fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on February 27, 2009 (Dkt. 19) and Plaintiff's motion for attorneys' fees was filed on May 28, 2009 (Dkt. 20). Accordingly, this court has jurisdiction to award the requested fees.

---

[3] Defendant contends that the hourly rate for work performed in 2009 should be capped at $169.51 (Dkt. 23 at 3). However, Plaintiff is seeking only $166.93 per hour for the work performed in 2009 (Dkt. 20 at 5).

The EAJA provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Furthermore, the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys' fees under the Act. Meyer v. Sullivan, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The first step in the analysis is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. Id. The second step, which is needed only if the market rate is greater than $125.00 per hour, is to determine whether the court should adjust the hourly fee upward from $125.00 to take into account an increase in the cost of living, or a special factor. Id.

The Commissioner contends that the hourly rate in EAJA cases should be capped at $165.00, the same maximum rates paid to criminal defense attorneys who represent defendants in federal capital cases. See Coffman v. Astrue, No. 8:07-CV-1416-T-TGW, 2008 WL 5137956, at *2 (M.D. Fla. Dec. 5, 2008); see also Gonzalez v. Astrue, No. 8:07-CV-1704-T-TGW, 2009 WL 1076766, at *2 (M.D. Fla. April 21, 2009).[4]

There is a split of authority in this district concerning whether an attorney's fee of over $165.00 due to cost-of-living increases should be awarded under the EAJA in a Social Security case. The undersigned agrees with the reasoning in Whitelow v. Astrue, No. 5:07-CV-484-Oc-GRJ, 2009

---

[4] The rationale for capping EAJA fees discussed in Coffman and Gonzalez has been followed in other decisions. See Bryan v. Astrue, No. 3:08-CV-432-J16-MCR, 2009 WL 1405174 (M.D. Fla. May 19, 2009); Jackson v. Astrue, No. 3:08-CV-168-J16-JRK, 2009 WL 1404785 (M.D. Fla. May 19, 2009).

3

WL 1308377, at *1-2 (M.D. Fla. May 7, 2009) and respectfully disagrees with the rationale expressed in Coffman and Gonzalez for capping EAJA fees based on another federal attorneys' fees statute. There is a fundamental difference between the rationale for awarding fees under the EAJA and for the fee cap under the Criminal Justice Act. Whitelow, 2009 WL 1308377, at * 2-3; see also Williams v. Astrue, No. 5:07-CV-110-Oc-GRJ, 2008 WL 5110719 (M.D. Fla. Nov. 25, 2008).[5] Moreover, if there should be a cap on EAJA fees that is a public policy issue for Congress to decide.

Accordingly, Plaintiff's request for fees at an hourly rate of $168.62 for hours expended in 2007, an hourly rate of $168.77 for hours expended in 2008, and an hourly rate of $166.93 for hours expended in 2009 is consistent with the EAJA.[6] Thus, the court will apply these hourly rates in calculating Plaintiff's fees for the calendar years 2007 through 2009.

Finally, Plaintiff requests that the fee award be paid directly to her attorney. The Eleventh Circuit recently held that the EAJA statute unambiguously requires an attorneys' fees award to be paid directly to the prevailing party and not to the party's attorney. Reeves v. Astrue, 526 F.3d 732, 735 (11th Cir.), cert. denied, __ U.S.__, 129 S. Ct. 724 (2008). However, in this case, Plaintiff has assigned the EAJA award to her counsel (Dkt. 20 at 7). Further, Defendant does not oppose the assignment or otherwise oppose the payment of the fee award directly to Plaintiff's counsel in this case. Therefore, the fee award is payable directly to Plaintiff's counsel. See McCullough v. Astrue, 565 F. Supp. 2d 1327, 1332 (M.D. Fla. 2008) (finding Reeves does not prevent an assignment of fees).

---

[5] Defendant fails to cite Whitelow and Williams in challenging Plaintiff's request for an award of attorneys' fees (Dkt. 23).

[6] Plaintiff provided adequate evidence of the increased cost of living between 1996 and 2007, 2008, and 2009 (Dkt. 20 at 5).

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     Plaintiff's **Motion for Attorneys' Fees** (Dkt. 20) is **GRANTED**; and

(2)     Plaintiff is awarded $1,895.22 in attorneys' fees to be paid directly to Plaintiff's counsel Suzanne Harris.

**DONE AND ORDERED** in Tampa, Florida this 6th of July, 2009.

                                                          ELIZABETH A JENKINS
                                                          United States Magistrate Judge